IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>    v.<br><br>SALVADOR MADRIGAL-MADRIGAL<br><br>    Defendant. | CR-S-04-102-DFL<br><br>MEMORANDUM OF OPINION<br>AND ORDER |

Salvador Madrigal Madrigal, a federal prisoner, brings this motion for sentence reduction under 28 U.S.C. § 2255. In 2004, Madrigal pleaded guilty to charges of illegal entry into the United States and violation of supervised release. Madrigal was sentenced to 51 months in prison, plus 36 months of supervised release. Madrigal's supervised release contained the condition that he would be surrendered to the INS for deportation proceedings upon release from prison, and, if deported, Madrigal would not be able to re-enter the country without the express consent of the United States Attorney General.

Madrigal now files his first § 2255 motion, raising three issues. None of Madrigal's claims has merit.

First, he asserts that he is being denied his right to participate in a drug rehabilitation program under 18 U.S.C. § 3621(e) to reduce his sentence by one year because of his status as an alien.[1] The Bureau of Prisons has interpreted § 3621(e) to require community-based rehabilitation. 28 C.F.R. § 550.58; 65 F.R. 80745. The Ninth Circuit has held that excluding prisoners with pending deportation proceedings from participating in community-based drug rehabilitation programs does not violate the Equal Protection Clause because it has a rational basis. McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999) (exclusion on that basis rationally related to goal of preventing persons awaiting deportation from fleeing while participating in community treatment programs).

Second, he asserts that he is also being denied his right under 18 U.S.C. § 3583(d) to "half-way house supervision on early release" because of his status as an alien. However, prisoners have no right to early release under § 3583(d).

Finally, Madrigal challenges his sentence based on Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004). Madrigal's plea agreement precludes this claim for several reasons. First,

---

[1] This claim is properly brought under 28 U.S.C. § 2241, not § 2255 motion. See, e.g., McLean v. Crabtree, 173 F.3d 1176 (9th Cir. 1999); United States v. Recinos-Gallegos, 151 F.Supp.2d 659, 660 (D. Md. 2001).

Madrigal waived his right in the plea agreement to challenge the validity of his conviction or sentence under § 2255 or § 2241. Second, he specifically waived any Blakely rights by consenting to judicial factfinding in his plea agreement.  See Blakely, 124 S.Ct. at 2541 ("When a defendant pleads guilty, the state is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding.").  Third, Madrigal stipulated to the facts forming the basis for the plea.  See id.

For the above reasons, Madrigal's motion for sentence reduction is DENIED.[2]

IT IS SO ORDERED.

Dated: 9/14/2005

/s/ David F. Levi

DAVID F. LEVI
United States District Judge

---

[2] On August 15, 2005, Madrigal filed an amended motion to vacate under § 2255.  The court has reviewed this motion.  Madrigal has simply resubmitted his initial February 28, 2005 motion; therefore, Madrigal's August 15, 2005 motion for sentence reduction is also DENIED.

3